UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES MORRIS ALDRIDGE,** } | |
| } | |
| **Plaintiff,** } | |
| } | **CASE NO. 5:13-CV-13-SLB** |
| v. } | |
| } | |
| **CAROLYN W. COLVIN,** } | |
| **Commissioner, Social** } | |
| **Security Administration,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff James Morris Aldridge ("plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB"). Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## PROCEDURAL HISTORY

Plaintiff initially filed an application for a period of disability and DIB on June 16, 2010, alleging a disability onset date of April 17, 2010, (R. 56, 97), due to degenerative disc disease in his shoulders and knees, diverticulitis, depression/anxiety, and hearing loss, (R. 142).[1] After the Social Security Administration ["SSA"] denied his application, he requested

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. When the document cited is duplicated

a hearing before an Administrative Law Judge ["ALJ"], which was held on November 23, 2011. (R. 37.) After the hearing, the ALJ found that plaintiff did not have an impairment or a combination of impairments listed in, or medically equivalent to one listed in, the Listing of Impairments. (R. 28); *see* 20 C.F.R. § 404.1520(d). The ALJ also found that plaintiff has the residual functional capacity ["RFC"] to perform medium work with the exceptions of performing assembly line work and engaging in "more than occasional interpersonal contact with the public and coworkers," (r. 29), and that there are "jobs that exist in significant numbers in the national economy that [plaintiff] can perform," (r. 32). In light of these findings, the ALJ found that Mr. Aldridge was not disabled from April 17, 2010 through the date of the decision, December 15, 2011, and denied his request for a period of disability and DIB. (R. 33.)

The Appeals Council denied plaintiff's request to review the ALJ's decision. (R. 1.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id*.)

Following denial of review by the Appeals Council, plaintiff filed an appeal in this court. (Doc. 1.) He requests that this court reverse the Commissioner's decision or, in the alternative, remand the case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. (Doc. 7 at 11.)

---

in the bound physical copy of the transcript of the entire record of the proceedings, the page number of that transcript is given, ["R ___"].

## **STANDARD OF REVIEW**

**A. APPEAL OF THE COMMISSIONER'S DECISION**

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]; rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted)

The court reviews the Commissioner's conclusions of law de novo. *Cornelius,* 936 F.2d at 1145. "[N]o . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## B. REQUEST FOR REMAND

"Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands,' each of which remedies a separate problem." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 42 U.S.C. § 405(g)). "The fourth sentence of section 405(g) provides the federal court 'power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Id.* (quoting 42 U.S.C. § 405(g)).

## **DISCUSSION**

## A. THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, SSI, and/or DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB/SSI] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* § 416(i)(1); § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[2] 20 C.F.R. § 404.1572; § 416.972. If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or age, education, and work experience. 20 C.F.R. § 404.1520(b); § 416.920(b). "Under the first step, the claimant has the burden to show that he is not currently engaged in

---

[2] The regulations define "substantial gainful activity":
(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[3]

The ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 17, 2010. (R. 27.)

**2. Severe Impairments**

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c); § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality which has

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); § 416.921(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987); *see also* 20 C.F.R. § 404.1523; § 416.923. A claimant has the burden to show that he has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff had the following severe impairments: "major depression and residual effect of a left foot fracture." (R. 27.)

**3. The Listings**

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); § 416.920(d).

The claimant has the burden of proving that his impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (R. 28.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that his impairment prevents him from performing his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [the Commissioner's] assessment of [the claimant's RFC] with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 404.1560(b); § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it." 20 C.F.R. § 404.1560(b)(1); § 416.960(b)(1). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. § 404.1560(b)(3); § 416.920(f). The claimant bears the burden of establishing that the impairment prevents him from performing past work. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff had the RFC to "perform medium work as defined in 20 C.F.R. § 404.1567(c) except he cannot engage in assembly line work or more than occasional

interpersonal contact with the public and coworkers." (R. 29.) The ALJ found that plaintiff could not perform any of his past relevant work. (R. 31-32.)

### 5. Other Work in the National Economy

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show that the claimant—in light of his RFC, age, education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 F. App'x at 863; *see also* 20 C.F.R. § 404.1520(c)(1); § 416.920(g). The regulations provide:

> If we find that your residual functional capacity does not enable you to do any of your past relevant work . . . we will use the same residual functional capacity assessment when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience . . . . Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); § 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(g); § 416.920(g).

The ALJ found that plaintiff was 41 years old on the alleged onset date and that he has a high school education. (R. 32.) The ALJ determined that whether plaintiff had any transferable job skills was irrelevant. (*Id.*) The ALJ consulted a Vocational Expert ["VE"] to determine whether any jobs exist in the national economy that plaintiff, considering his RFC and vocational factors, could perform. The VE testified that an individual with

9

plaintiff's limitations and vocational factors could perform the jobs of cleaner, kitchen helper, and garment sorter. (R. 32-33.) These jobs exist in significant numbers in Alabama and in the national economy. (*Id.*) Therefore, the ALJ found that plaintiff was not disabled.

## B. MR. ALDRIDGE'S CLAIM

Plaintiff contends that the ALJ lacked substantial evidence to support a finding that plaintiff has the RFC to perform medium work. (Doc. at 6-7.) To begin, plaintiff argues and the Commissioner concedes that the ALJ erred in assigning "great weight" to the assessment of Mr. C.V. Brewington, a non-examining State agency single decision maker who wrote a "physical summary" of plaintiff's pre-existing examinations (only one of which occurred after the alleged onset date). (*See* R. 30, 55; doc. 9 at 12.) The "physical summary" is merely a summary of some of plaintiff's treatment notes, (R. 55.), and it does not express an opinion. Nevertheless, the ALJ noted that "the claimant's application for disability benefits was denied" by the State agency, and gave this "assessment . . . great weight to the extent it is consistent with the medical record." (R. 30.) The Commissioner agrees that these "forms are not opinion evidence and . . . are entitled to no weight." (Doc. 9 at 12) (citing Program Operations Manual System (POMS) DI 24510.05, 2001 WL 1933365).

The Commissioner argues that the error "was harmless because the remaining record evidence . . . provided substantial evidence" for the ALJ's findings. (Doc. 9 at 13.) The court agrees.

In finding plaintiff's physical impairments not disabling, the ALJ relied on the report of Dr. Bhavna Sharma, an examining State agency consultant, in which he "found normal range of motion in all major muscle groups" and "did not articulate any functional limitations due to the claimant's impairments." (R. 29-30; *see also* R. 215-219.) Dr. Sharma's findings are consistent with plaintiff's reports from June through October 2011 that he exercised at the gym five to six days a week and spent "much time" fishing. (R. 306-07, 398.) In November, plaintiff testified that he exercised less but still managed to work out at the gym about two to three times a week. (R. 41.) Collectively, this constitutes substantial evidence on which the ALJ could rely to find that plaintiff's physical impairments were not disabling and allowed him to perform "medium work" as defined in 20 C.F.R. § 404.1567(c), with certain restrictions related to his psychological impairment.

This is so even though another examiner, Wendy Riddle, a nurse practitioner, opined that, for purposes of qualifying for a Veteran's Affairs Compensated Work Therapy program, plaintiff was "unable to stand, walk, climb stairs, bend/stoop/kneel without pain due to [degenerative joint disease] in knees and shoulders, and pain in left foot and ankle, as well as chronic back pain," and that plaintiff was only capable of non-restricted lifting up to ten pounds. (R. 319-20.) The ALJ was entitled to rely upon evidence from a physician who examined plaintiff for disability purposes over the opinion of a nurse practitioner who examined plaintiff for other purposes. *See* SSR 06-03p, 2006 WL 2329939, at *2 (rather than

being "acceptable medical sources," nurse practitioners are "other sources," and information from other sources "cannot establish the existence of a medically determinable impairment").

The ALJ did not err by not adopting a "medical source statement" as an RFC. It is not the court's prerogative to decide whether the ALJ took the best possible course of action or compiled an exhaustive record on which to rely. Instead, the court reviews to ensure that the ALJ relied on substantial evidence. As plaintiff admits, "there is no express requirement for a medical source opinion (MSO) or [RFC] assessment to be of record in order for the ALJ to make RFC findings," and plaintiff points to no source of law from which the court could imply such a requirement. (Doc. 7 at 6.) When presented with similar arguments, the Eleventh Circuit has responded that "the burden lies with the claimant to prove [his] disability." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007).

Regarding plaintiff's mental impairment, the ALJ found that plaintiff's major depression is a severe impairment, but the impairment did not last for a continuous period of at least twelve months as required by 42 U.S.C. § 1382c(a)(3)(A). *See also* § 416(i)(1); § 423(d)(1)(A). The ALJ noted that Dr. Smith, a State agency psychologist, found plaintiff's Global Assessment of Functioning ["GAF"] score to be 45, thus indicating the severe impairment of plaintiff's adaptive and social functioning. (R. 30, 223.) However, plaintiff's GAF score fluctuated, sometimes in as little time as a week, between 45-50 and 60-65, with the latter score range indicating moderate symptoms and only some difficulty in social functioning. (R. 31.)

Plaintiff does not attack the ALJ's findings limiting him to only "occasional interpersonal contact with the public and his coworkers" due to his major depressive disorder. (R. 30-32.) Based on its review, the court finds that the ALJ was justified in relying on Dr. Estock's evaluation to make that determination. The ALJ could appropriately discount any limitations Dr. Estock found in light of new evidence gained after plaintiff's visit with Dr. Estock that indicated plaintiff was improving his ability to cope with depression. (*See, e.g.*, R. 250 (December 21, 2010 Progress Note from Psychologist), 317 (February 25, 2011 Progress Note), 313 (April 26, 2011 Progress Note).)

The ALJ committed no error in assessing plaintiff's mental impairment.

Additionally, because the court found substantial evidence to support the ALJ's findings, there is insufficient legal error to warrant a sentence four remand.

## **CONCLUSION**

Based on the reasons stated above, this court is of the opinion that the Commissioner's decision is due to be affirmed. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 8th day of September, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE